Opinion by
Hurt, J.

(Transferred from, Austin.J

§ 315. Bailment for hire; liability of bailee; case stated. Appellant placed horses in appellee’s pasture, paying appellee an agreed price for the pasturage. A part of appellee’s pasture fence was down at the time, and some of the horses escaped from the pasture and were never recovered. Appellant brought this suit to recover of appellee the value of the lost horses, alleging that said loss had been occasioned by the negligence of appellee in not having a secure fence around his pasture. Appellee’s defense was, that at the time he received the horses for pasture he informed appellant that the fence around the-pasture was incomplete and insecure, and that if he-placed his horses in said pasture he would do so at his; appellant’s, own risk. There was a conflict of evidence • upon this defense. Judgment was rendered for appellee-,-, the defendant in the court below. Held: One who agrees to take animals to pasture for pay is a bailee for hire, and contracts to bestow upon the keeping of such animals such care and attention as is commensurate with their value, and their liability to loss and injury. ■ He is bound to the exercise of ordinary diligence in taking care • of them, aiid is responsible for losses arising through ordinary negligence.
§ 316. Same; bailee may, by special contract, limit . his liability. A bailee who takes animals, to pasture • may, by special contract, limit' bis liability, and such, contract of limitation, when not contrary to public. *274 policy or statute, will be respected and enforced by the courts. If he makes a valid special contract, his responsibility will be measured and determined by the terms of the contract. That the parties can engraft exceptions upon the general doctrine of bailments by special contract, there can be no doubt. “They are at liberty to fix the terms and mode of accomplishing the bailment purposes, and regulate the responsibilities of the relation; and if there be a special contract between the parties limiting tjbe general doctrine, this contract governs the case, unless it be against public policy or positive law.” Appellee was an agister for hire, and the principles stated apply to this character of bailment, but not to all bailments. [Schouler on Bailments, 21, 109; Story on Bailments, §§ 31, 182, 252.] In this case the alleged contract limiting the liability of the appellee was valid, being neither against public policy nor prohibited by positive law.
October 15, 1884.
§ 317. Conflict of evidence; judgment of court will not be disturbed, when. This case was tried by the judge. The evidence as to the contract limiting appellee’s liability was conflicting, but, in the opinion of this court, preponderated in favor of appellee. The judgment of the court upon the facts is tó be given the same weight as the verdict of the jury, and will not be set aside in an appellate court where there is evidence sufficient to support it, as there is in this case.
Affirmed.